**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SA&H WESTERN HOLDINGS, LLC D/B/A FOX SERVICE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FOX INDUSTRIES, LLC D/B/A FOX COMMERCIAL SERVICES,<br><br>Defendant. | Civil Action No. 1:22-cv-519-LY |

**DEFENDANT'S ANSWER TO VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**
**AND DAMAGES AND COUNTERCLAIMS**

Fox Industries, LLC d/b/a Fox Commercial Services ("Defendant") submits its Answer to Plaintiff's Verified Complaint for Injunctive Relief and Damages and Counterclaims. The enumerated paragraphs of Defendant's Answer correspond to the enumerated paragraphs in Plaintiff's Verified Complaint. Defendant references the subtitles utilized by Plaintiff without admission of the truth of the claims contained in the subtitles, but merely for the convenience of the Court and parties.

**<u>Response to Section Titled "INTRODUCTION"</u>**

1.      In response to Paragraph 1, Defendant admits that Plaintiff purports to present claims for the causes of action noted. Defendant denies that it violated said laws and otherwise denies all of the other allegations of this paragraph.

2.      Defendant admits that, to the best of Defendant's knowledge, the predecessor entity to both Plaintiff and Defendant provided both residential and commercial HVAC, electrical, and plumbing services in the Austin area itself and through its predecessors in interest since at least

1972 until at least 2018 using the mark FOX. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of Plaintiff's Complaint and thus denies the same.

3.      Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in the first sentence of Paragraph 4 of Plaintiff's Complaint and thus denies the same. Defendant also denies the allegations and characterizations in the second sentence of Paragraph 4

5.      Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Paragraph 6 of Plaintiff's Complaint sets forth Plaintiff's statement of its case, to which no response is required. To the extent that a response to any statement in this paragraph is required, Defendant denies the same.

## Response to Section Titled "PARTIES, JURISDICTION, AND VENUE"

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 7 of Plaintiff's Complaint and thus denies the same.

8.      Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Paragraph 9 of Plaintiff's Complaint states legal conclusions to which no response is required. Nevertheless, Defendant admits that this Court has jurisdiction over Plaintiff's claims, but it denies any implication that such claims have merit.

10.     Paragraph 10 of Plaintiff's Complaint states legal conclusions to which no response is required.

## Response to Section Titled "FACTUAL BACKGROUND"

A.      **Response to Section Titled "Fox Service and Its Business Operated Since 1972 Under the FOX SERVICE Marks."**

11.     Defendant admits that, to the best of Defendant's knowledge, the predecessor entity to both Plaintiff and Defendant provided both residential and commercial HVAC, electrical, and plumbing services in the Austin area itself and through its predecessors in interest since at least 1972 until at least 2018 using the mark FOX. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of Plaintiff's Complaint and thus denies the same.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 12 of Plaintiff's Complaint and thus denies the same.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 13 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's exhibit in this Paragraph, the exhibit speaks for itself.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 14 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's Exhibit in this Paragraph, the exhibit speaks for itself.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 15 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's Exhibit in this Paragraph, the exhibit speaks for itself.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 16 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's Exhibit in this Paragraph, the exhibit speaks for itself.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 17 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's Exhibit in this Paragraph, the exhibit speaks for itself.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 18 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's Exhibit in this Paragraph, the exhibit speaks for itself.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 19 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's Exhibit in this Paragraph, the exhibit speaks for itself.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 20 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's Exhibit in this Paragraph, the exhibit speaks for itself.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 21 of Plaintiff's Complaint and thus denies the same. With respect to the quotations and references to Plaintiff's Exhibit in this Paragraph, the exhibit speaks for itself.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 22 of Plaintiff's Complaint and thus denies the same.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 23 of Plaintiff's Complaint and thus denies the same.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 24 of Plaintiff's Complaint and thus denies the same.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 25 of Plaintiff's Complaint and thus denies the same.  Further, Defendant lacks knowledge or information sufficient to form a belief about the authenticity of the exhibit referenced in this Paragraph and thus denies the same.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 26 of Plaintiff's Complaint and thus denies the same.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 27 of Plaintiff's Complaint and thus denies the same.

28.     Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

**B.      Response to Section Titled "Fox Commercial and Its Purported Acquisition and Use of the FOX COMMERCIAL SERVICES Marks, and Subsequent Infringement of the FOX SERVICE Mark and Violations of the Noncompetition Agreement."**

**1.      Response to Section Titled "Original Fox's Use of the FOX COMMERCIAL SERVICES Mark."**

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 29 of Plaintiff's Complaint and thus denies the same.

30.     Defendant is informed and believes that the entity Plaintiff identifies as "Original Fox" adopted a FOX COMMERCIAL SERVICES Logo depicted at Paragraph 30 of the Complaint. Defendant denies all remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 31 of Plaintiff's Complaint and thus denies the same.

**2.      Response to Section Titled "Fox Commercial's Purported Acquisition of the FOX COMMERCIAL SERVICES Marks, and Initial Use of the Marks to Provide Only Commercial Contracting Services."**

32.     Defendant denies that on or about November 10, 2020, Lochridge Priest, Inc. acquired an interest in the entity Plaintiff describes as "Original Fox."  Defendant admits that Fox Industries, LLC acquired certain assets from Original Fox on or about November 10, 2020.  To the extent any further response is required, the remaining allegations of Paragraph 32 are denied.

33.     Defendant admits that it acquired certain assets as a result of the transaction at issue, but denies Plaintiff's characterization of the transaction, the provisions of any relevant agreement,

and their effect. To the extent any further response is required, the remaining allegations of Paragraph 33 are denied.

34.     Defendant admits that it acquired certain assets as a result of the transaction at issue, but denies Plaintiff's characterization of the transaction, the provisions of any relevant agreement, and their effect. To the extent any further response is required, the remaining allegations of Paragraph 34 are denied.

35.     Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 38 of Plaintiff's Complaint and thus denies the same.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 39 of Plaintiff's Complaint and thus denies the same.

3.     **Response to Section Titled "Fox Commercial's Recent Expansion of Use of the FOX COMMERCIAL SERVICES Marks to Provide Residential HVAC Services in the Austin Area, and Resulting Likely and Inevitable Confusion in the Marketplace."**

40.     Defendant admits it posted one item to Facebook describing "Residential HVAC Installs" on or about February 28, 2022. Defendant denies all remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant admits it posted one item to Facebook describing "Residential HVAC Installs" on or about February 28, 2022. Defendant denies all remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant admits that a portion of its LinkedIn page has contained the phrase "HVAC Installation & Retrofit (Commercial & Residential)." Defendant denies all remaining allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 44 of Plaintiff's Complaint and thus denies the same.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 45 of Plaintiff's Complaint and thus denies the same.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 47 of Plaintiff's Complaint and thus denies the same.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 48 of Plaintiff's Complaint and thus denies the same.

49.     Defendant lacks knowledge or information regarding the specific instances or admissions to which Plaintiff refers, but admits it has experienced instances of misdirected inquiries and communications.  To the extent any further response is required, the remaining allegations of Paragraph 49 are denied.

50.     Defendant admits that the communication shown in Exhibit D attached to the Complaint appears to be a true and correct copy of an email from Kathy Biles dated March 15, 2022, and containing the quoted statement. To the extent any further response is required, the remaining allegations of Paragraph 50, including specifically Plaintiff's characterization of the correspondence, are denied.

51.     Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant admits it received letters sent on behalf of Plaintiff dated on or about March 15 and April 1, 2022, containing certain demands, and that the attachments in Exhibit E appear to be true and correct copies of such correspondence. To the extent any further response is required, the remaining allegations of Paragraph 58, including specifically Plaintiff's characterization of the correspondence, are denied.

59.     Defendant admits that it and Plaintiff engaged in some discussions and settlement negotiations after receipt of the correspondence identified in Paragraph 59 of the Complaint, and that the attachments in Exhibit F appear to be true and correct correspondence relating to such discussions and negotiations.  To the extent any further response is required, the remaining allegations of Paragraph 59, including specifically Plaintiff's characterization of the discussions and settlement negotiations, are denied.

60.     Defendant admits that the parties have not reached any settlement agreement. Defendant denies that it has cause to cease and desist from use of the FOX COMMERCIAL SERVICES Marks pursuant to Plaintiff's demands and denies that it is violating the Noncompetition Agreement identified in Paragraph 60 of the Complaint. To the extent any further response is required, the remaining allegations of Paragraph 60 are denied.

**Response to Section Titled "CAUSES OF ACTION"**

**Response to Section Titled
"Count I
Federal False Designation of Origin
Use of FOX COMMERCIAL SERVICES Marks for Residential HVAC Services 15 U.S.C.
§ 1125(a)"**

61.     Defendant fully incorporates by reference its responses in the above paragraphs as if fully set forth herein.

62.     Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     Defendant denies the allegations in Paragraph 67 of Plaintiff's Complaint.

**Response to Section Titled
"Count II
Federal False Designation of Origin
Use of FOX COMMERCIAL SERVICES Marks for Commercial HVAC Services 15
U.S.C. § 1125(a)"**

68.     Defendant fully incorporates by reference its responses in the above paragraphs as if fully set forth herein.

69.     Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant denies the allegations in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75.     Defendant denies the allegations in Paragraph 75 of Plaintiff's Complaint.

76.     Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.

**Response to Section Titled**
**"Count III**
**Common Law Trademark Infringement and Unfair Competition Under Texas Law"**

77.     Defendant fully incorporates by reference its responses in the above paragraphs as if fully set forth herein.

78.     Defendant denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79.     Defendant denies the allegations in Paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations in Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations in Paragraph 84 of Plaintiff's Complaint.

**Response to Section Titled**
**"Count IV**
**Breach of Noncompetition Agreement"**

85.     Defendant fully incorporates by reference its responses in the above paragraphs as if fully set forth herein.

86.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 86 of Plaintiff's Complaint and thus denies the same.

87.     The Noncompetition Agreement attached to Plaintiff's Complaint speaks for itself. Nevertheless, Defendant denies the allegations in Paragraph 87 of Plaintiff's Complaint.

88.     The Noncompetition Agreement attached to Plaintiff's Complaint speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the obligations of Original Fox and thus denies the same. Defendant also denies the remaining allegations in Paragraph 88 of Plaintiff's Complaint.

89.     The Noncompetition Agreement attached to Plaintiff's Complaint speaks for itself. Nevertheless, Defendant denies the allegations in Paragraph 89 of Plaintiff's Complaint.

90.     The Noncompetition Agreement attached to Plaintiff's Complaint speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the obligations of Original Fox and thus denies the same. Defendant also denies the remaining allegations in Paragraph 90 of Plaintiff's Complaint.

91.     Defendant denies the allegations in Paragraph 91 of Plaintiff's Complaint.

92.     Defendant denies the allegations in Paragraph 92 of Plaintiff's Complaint.

93.     Defendant denies the allegations in Paragraph 92 of Plaintiff's Complaint.

94.     Defendant denies the allegations in Paragraph 92 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs 1 through 14 and related subparagraphs on Pages 26 through 29 of Plaintiff's Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### Acquiescence and Laches

1.      Defendant believes that its immediate predecessor in interest, which Plaintiff refers to as "Original Fox," itself and through other predecessors in interest, offered residential and commercial HVAC and related services from at least 1972 until at least 2018, when Plaintiff purchased from Original Fox the portion of Original Fox's business relating to residential services. *See* ECF No. 1-1.

2.      The Asset Purchase Agreement ("APA") between Plaintiff and Original Fox explicitly contemplated that both entities would continue to offer HVAC and related services using the trademark FOX, Plaintiff for residential services and Original Fox for commercial services. *See* ECF No. 1-1 ¶¶ 2.1, 2.2, 6.6.2.

3.      Specifically, pursuant to the APA, Plaintiff acquired the right to use the mark FOX SERVICE in connection with residential HVAC and related services. Consequently, Original Fox retained all other rights that existed prior to and at the time of the APA in connection with all other HVAC and related services. ECF No. 1-1 ¶¶ 2.1, 2.2, 6.6.2.

4.      Following the APA, between 2018 and 2020, Plaintiff and Original Fox did indeed coexist using the FOX mark for HVAC and related services pursuant to the agreement, Plaintiff for residential services and Original Fox for commercial services, with the APA containing an explicit restriction on Plaintiff's ability to challenge use of FOX COMMERCIAL SERVICES by Original Fox.

5.      On November 12, 2020, Defendant entered into a Purchase, Assignment and Assumption Agreement ("PAAA") with Original Fox for the purchase of Original Fox's business, including all personal property and intellectual property.

6.      Following the PAAA to the present, Defendant continued to operate the business, offering commercial HVAC and related services under the name FOX and using the FOX and FOX COMMERCIAL SERVICES mark.

7.      Because Plaintiff entered into the APA, which expressly contemplated and provided that Plaintiff's use of the FOX mark for residential HVAC and related services would coexist with another company's use of the FOX mark for all other HVAC services, Plaintiff knew that Original Fox and any successors in interest would be offering such services under the FOX mark.

8.      Defendant entered into the PAAA based in part on Plaintiff's agreement to coexist with use of the FOX mark for different HVAC services (residential vs. commercial).

9.      Since its acquisition of Original Fox's business, Defendant has invested time and resources advertising and promoting its HVAC business using the FOX mark.

10.     Plaintiff claims in part that Original Fox had no right to assign or otherwise transfer any rights to Defendant, without Plaintiff's consent.   However, to Defendant's knowledge, Plaintiff did not raise this issue prior to filing suit against Defendant, years after the transaction in question had been completed. Plaintiff's delay and lack of diligence in asserting any of its purported rights against Defendant were unreasonable.

11.     Defendant was unduly and unfairly prejudiced as a result of Plaintiff's actions and delay.

12.     Accordingly, Plaintiff's claims are barred by the doctrine of acquiescence.

13.     Additionally or alternatively, Plaintiff's claims are barred by the doctrine of laches.

14.     Additionally, to the extent Plaintiff claims it has suffered any damage, which Defendant denies, such damage was caused by Plaintiff's actions and delay and Plaintiff cannot recover from Defendant for its own creation of the current situation and failure to mitigate such damage.

## DEFENDANT'S COUNTERCLAIMS

Defendant and Counter-Plaintiff Fox Industries, LLC d/b/a Fox Commercial Services ("Fox Industries"), through its undersigned counsel, asserts the following counterclaims against Plaintiff and Counter-Defendant SA&H Western Holdings, LLC d/b/a Fox Service Company ("Fox Service"). Defendant reserves the right to assert additional counterclaims as appropriate and to the extent permitted by law.

## Nature of Action and Jurisdiction

1.      This is an action for trademark infringement, unfair competition, breach of lease

13

agreement, money had and received, and unjust enrichment.

2.      Jurisdiction of this Court is proper pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338 and 1367.

## Parties

3.      Defendant and Counter-Plaintiff Fox Industries is a Texas limited liability company with a principal place of business in Austin, Texas.

4.      Plaintiff and Counter-Defendant Fox Service is a Delaware limited liability company with a principal place of business in Austin, Texas.

## Factual Background

### A.  Fox Industries' Predecessor in Interest

5.      Defendant believes that it and Counter-Plaintiff Fox Industries and their predecessors in interest have continuously used the mark FOX since approximately 1972 to market and sell heating, ventilation, and air conditioning (HVAC) services and related services in the Austin area.

6.      On February 23, 2018, Defendant and Counter-Plaintiff Fox Industries' immediate predecessor in interest, Fox Service Company II, LLC ("Fox Service Company II"), sold the residential portion of its business to Plaintiff and Counter-Defendant Fox Service through an Asset Purchase Agreement ("APA").  *See* ECF No. 1-1.

7.      Specifically, pursuant to the APA, Fox Service acquired the assets associated with Fox Service Company II's "Residential Business," defined in the APA as "the business of providing residential heating and air conditioning maintenance, repair and replacement services, as well as electrical and plumbing services, in each case, for homeowners and property managers, as currently conducted by [Original Fox]." ECF No. 1-1, at 54. As part of the sale, Fox Service

14

acquired the exclusive right to the name and mark "Fox Service," but did not acquire exclusive rights to the name and mark "FOX" alone or to any residual rights associated with the "FOX" mark retained by the selling entity.  *Id.* ¶ 6.6.2.

8.     Following the APA, Fox Service Company II retained the right to the remainder of its existing business, including the commercial business dating back since at least as early 1972 and any other business that does not fall under the definition of "Residential Business" in the APA. The APA contained specific references to the FOX SERVICE mark and associated logo, but does not purport to define all right to use the mark FOX in connection with Fox Service Company II's business.

9.     On November 12, 2020, Defendant and Counter-Plaintiff Fox Industries entered into a Purchase, Assignment, and Assumption Agreement ("PAAA") with Fox Service Company II [1] for the purchase of all of Fox Service Company II's remaining business.  Upon execution of the PAAA, Fox Industries stepped into the shoes of Fox Service Company II with respect to its HVAC and related services business and the right to use the FOX mark therewith.

10.     Since entering the PAAA, Fox Industries has continuously offered commercial HVAC and related services in the Austin area using the mark FOX COMMERCIAL SERVICES and the logo shown below:



11.     In addition, many consumers know Fox Industries simply as "FOX" and associate

---

[1] On March 1, 2018, the entity changed its name from Fox Service Company II, LLC to FCS Fox Commercial Services, LLC.

its commercial services with that name. Fox Industries has expended considerable money and effort to promote its services under the FOX and FOX COMMERCIAL SERVICES marks.

12.     As a result of the investment of time and effort in promoting its services under the FOX marks, as well as the longstanding and extensive use by its predecessor in interest, Fox Industries has developed considerable goodwill, public recognition, and strong rights in the FOX marks in connection with commercial HVAC and related services.

13.     As a result of the extensive and widespread use and promotion of the FOX marks by Fox Industries and its predecessor in interest in connection with commercial HVAC and related services, the FOX marks have become well known and widely recognized by consumers, particularly in the Austin area, to indicate the source of Fox Industries' goods and services.

B.   **Fox Service's Infringement of Fox Industries' Trademark Rights**

14.     In early 2022, Plaintiff and Counter-Defendant Fox Service began advertising to the public that it was offering commercial HVAC and related services—the same type of services that Fox Service Company II retained following the APA and that Defendant and Counter-Plaintiff Fox Industries acquired from Fox Service Company II through the PAAA.

15.     Fox Service is not authorized, either through the APA or by Fox Industries, to use a FOX mark in connection with any goods or services other than "Residential Services" as defined in the APA.

16.     Fox Service's unauthorized use of a FOX mark to market and offer commercial HVAC services violates Fox Industries' prior rights in the FOX mark covering such services. Fox Industries' rights in the FOX mark for commercial HVAC and related services dates back to at least 1972, when use of the FOX mark began in connection with all of the HVAC and related services of predecessors-in-interest. In 2018, when Fox Service Company II transferred only its

residential business to Fox Service, Fox Service Company II retained any rights, intellectual property, and goodwill that were not specifically purchased by and assigned to Plaintiff. Such retained rights, property and goodwill included any rights associated with the public's recognition of the company as simply "FOX," certainly in connection with commercial HVAC and related services. In addition, Fox Service Company II retained all  recognition and goodwill associated with the company's use of and recognition as simply "FOX" in connection with commercial HVAC and related services. In 2020, the company assigned those rights to Fox Industries through the PAAA.

17.     Fox Service's unauthorized use of the FOX mark in connection with HVAC and related services that exceed the scope of the "residential business" are likely to cause confusion, or to cause mistake, or to deceive as to its affiliation, connection, or association with Fox Industries, or as to the origin, sponsorship, or approval of Fox Service's goods, services, or commercial activities by Fox Industries. Consumers and potential consumers are likely to believe that Fox Service and the services it offers originate from Fox Industries or have some other association with Fox Industries, when in fact they do not.

18.     Fox Service's unauthorized use of the FOX mark in connection with commercial HVAC and related services is deliberate and made with knowledge of Fox Industries' and its predecessor's prior rights in the mark for such services.

19.     Fox Service's unauthorized use of the FOX mark in connection with commercial HVAC and related services unjustly enriches Fox Service at Fox Industries' expense. Fox Service has been and continues to be unjustly enriched by taking undue advantage of Fox Industries and its goodwill and obtaining a reputational benefit to which it is not entitled.

20.     Fox Service's unauthorized use of the FOX mark in connection with commercial

HVAC and related services deprives Fox Industries of the ability to control the nature and quality of non-residential services offered under the mark and places Fox Industries' valuable reputation and goodwill wrongly in the hands of Fox Service.

21.    Unless Fox Service is restrained by this Court, its unlawful activities will continue to cause irreparable injury to Fox Industries and to the public for which there is no adequate remedy at law.

**C.  Fox Service's Breach of its Lease Agreement with Fox Industries**

22.    Prior to Fox Industries' incorporation, Fox Service entered into a contract to lease space at the property now owned by Fox Industries and located at 4300 South Congress Avenue, Austin, Travis County, Texas 78745 (the Lease Agreement). Fox Industries became the successor lessor to that Lease Agreement.

23.    Under the terms of the Lease Agreement, Fox Service agreed to pay Fox Industries monthly rent in the amount of $14,420.

24.    Fox Service failed to pay the required monthly rent amount for at least three months, associated with Invoice Numbers 92810, 99824, and 100189.

25.    Fox Service's default in its payment of rent constitutes a material breach of the Lease Agreement and has caused damage to Fox Industries.

**D.  Fox Service Has Improperly Received and Retained Money Intended for and Belonging to Fox Industries**

26.    On numerous occasions, Fox Service has received checks from customers that were intended for Fox Industries. *See* ECF No. 1 ¶¶ 39, 48.

27.    On information and belief, while in some instances Fox Service has reached out to Fox Industries to redirect misaddressed funds to Fox Industries, on many occasions Fox Service has simply cashed the check that was mistakenly directed to Fox Industries and retained the funds

therefrom.

28.     On information and belief, Fox Service has retained these misdirected funds intended for Fox Industries knowingly or with reckless indifference to the fact that Fox Industries was the intended payee recipient.

29.     By keeping such misdirected funds, Fox Service has held money intended for Fox Industries and has unjustly enriched itself at the expense of Fox Industries.

### Counterclaim 1 – Federal Trademark Infringement and Unfair Competition

30.     Fox Industries fully incorporates by reference the preceding paragraphs of these counterclaims as if fully set forth herein.

31.     As between the parties, Fox Industries is the prior user of the FOX mark in connection with commercial HVAC and related services.

32.     Fox Service's unlawful use of the FOX mark in connection with non-residential services is likely to cause confusion, or to cause mistake, or to deceive as to its affiliation, connection, or association with Fox Industries, or as to the origin, sponsorship, or approval of Fox Service's goods, services, or commercial activities by Fox Industries

33.     The acts of Fox Service complained of herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### Counterclaim 2 – Trademark Infringement and Unfair Competition Under Texas Common Law

34.     Fox Industries fully incorporates by reference the preceding paragraphs of these counterclaims as if fully set forth herein.

35.     The acts of Fox Service complained of herein constitute willful trademark infringement in violation of Texas Common Law.

36.     The acts of Fox Service complained of herein constitute willful unfair competition

in violation of Texas Common Law.

### Counterclaim 3 – Breach of Lease Agreement

37.     Fox Industries fully incorporates by reference the preceding paragraphs of these counterclaims as if fully set forth herein.

38.     Fox Industries performed all of its obligations as lessor under the Lease Agreement.

39.     Fox Service's default in its payment of rent constitutes a material breach of its obligations under the Lease Agreement in violation of Texas common law.

40.     Fox Service's breach of the Lease Agreement has caused damage and loss to Fox Industries.

### Counterclaim 4 – Money Had and Received

41.     Fox Industries fully incorporates by reference the preceding paragraphs of these counterclaims as if fully set forth herein.

42.     By Fox Service's actions complained of herein, it has taken advantage of misdirected payments and communications. It has caused and received and retained money that was intended for, and rightfully belongs to, Fox Industries.

43.     Fox Service's receipt of money intended for and rightfully belonging to Fox Industries, and failure to remit such money to Fox Industries, has caused harm to Fox Industries and unfairly enriched Fox Service.

### Counterclaim 5 – Unjust Enrichment

44.     Fox Industries fully incorporates by reference the preceding paragraphs of these counterclaims as if fully set forth herein.

45.     Fox Industries has expended considerable time and resources developing and promoting the FOX mark for commercial HVAC and related services.

46.     Fox Service was aware of the benefit of using the FOX mark for commercial HVAC and related services and sought to appropriate the time and resources expended by Fox Industries and its predecessor in interest without authorization or consent. In doing so, Fox Service sought to enrich itself beyond what it bargained for in the APA with Fox Service Company II.

47.     By using the FOX mark for commercial HVAC and related services without authorization from or compensation to Fox Industries, Fox Service has been unjustly enriched.

48.     By keeping money intended for and belonging to Fox Industries, Fox Service has taken advantage of the confusion it has caused and has been unjustly enriched.

## **PRAYER**

WHEREFORE, Defendant requests judgement as follows:

1.  That Plaintiff/Counter-Defendant take nothing by way of its Complaint and that its Complaint be dismissed with prejudice;

2.  That Plaintiff/Counter-Defendant be enjoined from using the FOX mark in connection with non-residential HVAC and related services;

3.  That Plaintiff/Counter-Defendant be ordered to prepare an accounting of all proceeds generated from (i) sales of non-residential HVAC and related services, (ii) all money had and received which justly belongs to Defendant/Counter-Plaintiff, and (iii) any amounts by which Plaintiff/Counter-Defendant has been unjustly enriched through its conduct;

4.  That Plaintiff/Counter-Defendant be ordered to conduct corrective advertising to advise the public that it is not affiliated with or endorsed by Defendant/Counter-Plaintiff;

5. That Defendant/Counter-Plaintiff be awarded all monetary remedies to which it is entitled, including by not limited to damages and/or profits realized by Plaintiff/Counter-Defendant pursuant to 15 U.S.C. § 1117(a)-(b);

6. That Defendant/Counter-Plaintiff recover its costs and reasonable attorneys' fees to the extent permitted by law and by contract; and

7. For such other and further relief as this Court deems just and proper.


Respectfully submitted,


By:     /s/ Christopher M. Weimer
        Christopher M. Weimer
        TX State Bar No. 24061894
        David E. Armendariz
        TX State Bar No. 24082636
        Pirkey Barber PLLC
        1801 East 6th Street, Suite 300
        Austin, Texas 78702
        (737) 443-8793 (telephone)
        (512) 322-5201 (facsimile)
        cweimer@pirkeybarber.com
        darmendariz@pirkeybarber.com

        *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Verified Complaint for Injunctive Relief and Damages was served by electronic service on the fifth day of July 2022, upon the following counsel of record :

John M. Cone
FERGUSON BRASWELL FRASER KUBASTA P.C.
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
(972) 378-9111 (phone)
(972) 378-9115 (facsimile)
jcone@fbfk.law

Kirby Cronin
FERGUSON BRASWELL FRASER KUBASTA PC
4301 Westbank Drive
Building B, Suite 270
Austin, Texas 78746
(512) 703-1400 (phone)
kcronin@fbfk.law

Ashley B. Summer
Nelson Mullins Riley & Scarborough LLP
280 Park Avenue, 15th Floor West
New York, New York 10017
(646) 428-2636 (phone)
(803) 255-9831 (facsimile)
ashley.summer@nelsonmullins.com

Mark S. VanderBroek
Shaniqua Singleton
Nelson Mullins Riley & Scarborough LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
mark.vanderbroek@nelsonmullins.com

*/s/ Christopher M. Weimer*
Christopher M. Weimer